UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JIRI PIK,

        Plaintiff,

                09 Civ. 972 (CM)

against

GOLDMAN SACHS GROUP,
GOLDMAN SACHS SERVICES, and
JOHN DOES 1-10

        Defendants.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/09

### ORDER DISMISSING PLAINTIFF'S CASE

McMahon, J.:

  *Pro se* plaintiff, Jiri Pik, commenced this lawsuit against his former employer, Goldman Sachs, by filing a summons and complaint on February 4, 2009 (date entered February 19, 2009). When he filed the lawsuit, plaintiff resided in London, England. Since the inception of this action, Mr. Pik has requested numerous postponements of court-scheduled conferences, which the Court has granted each time. Plaintiffs' reasons for adjournment include his failure to effect service on the defendants. At one point in time, he claimed he could not appear because he was detained in an English hospital on "political charges."

  The 120 day period for serving process expired on June 19, 2009. On June 19, 2009, the Court granted plaintiff a forty-five day extension to effect service, which gave him until August 3, 2009. The Court warned plaintiff that if he did not effectuate service by that date, it would *sua sponte* dismiss the case without prejudice.

  On July 30, 2009, plaintiff asked for yet another extension. The Court granted plaintiff an additional 30 day extension to effect service, which gave plaintiff until September 2, 2009. This extension was conditioned on plaintiff's filing proof that he had couriered summonses to the United States Marshall; no such proof was ever filed.

  The Court set a rescheduled Rule 16 conference for today. Late yesterday, the Court received a fax from plaintiff. It said: "I'm requesting the [sic] today's hearing to be postponed as a result of political imprisonment, move/asylum/exile from the EU & distress." Clearly, plaintiff is not prepared to abide by the Court's orders, comport with the Federal Rules of Civil Procedure, or take affirmative steps to prosecute his case.

Copies mailed/faxed/handed to counsel on 9/18/09

Plaintiff's time to effect service has expired.

Accordingly, the Court dismisses plaintiff's case for failure to prosecute the case.

This constitutes the decision and order of the Court.

Dated: September 18, 2009

_____
U.S.D.J.

BY FIRST CLASS MAIL TO PLAINTIFF

Jiri Pik
145-157st. 2nd Floor
John Street
London, EC1V 4PY
UK
PRO SE

BY ECF TO DEFENDANTS